UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICOLE STEWART,

    Petitioner,

v.                                                 Case No. 18-cv-1968-pp

JULIE USTRUCK WETZEL[1],

    Respondent.

**ORDER DENYING AS MOOT PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DISMISSING *HABEAS* PETITION AS UNAUTHORIZED SECOND OR SUCCESSIVE PETITION (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On December 12, 2018, the petitioner, who was incarcerated when she filed her petition but now is on active community supervision[2] and is representing herself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging her 2007 conviction in Milwaukee County Circuit Court for medical assistance fraud. Dkt. No. 1 at 2; Dkt. No. 1-2 at 49. With her petition, the petitioner filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

---

[1] Rule 2 of the Rules Governing Section 2254 Petitions a petitioner incarcerated under a state court judgment to name as respondent the official who has custody of the petitioner. The petitioner is no longer in custody, but the court has changed the caption to reflect the current superintendent of the facility where she was incarcerated when she filed the petition.

[2] See https://appsdoc.wi.gov/lop/home.do (last visited January 25, 2021).

1

This order denies the motion to proceed without prepaying the filing fee, screens the petition under Rule 4 of the Rules Governing Section 2254 Cases, dismisses the petition as an unauthorized second or successive petition, dismisses the case and declines to issue a certificate of appealability.

**I.     The Petition (Dkt. No. 1)**

In January of 2007, the State of Wisconsin filed a complaint in Milwaukee County Circuit Court charging the petitioner with thirty-two counts of medical assistance fraud. Dkt. No. 1 at 2; Dkt. No. 1-2 at 49. On October 22, 2007, the petitioner pled guilty to four counts; the court dismissed and read in the remaining twenty-eight counts. Dkt. No. 1-2 at 49; State v. Stewart, Milwaukee County Case No. 07CF393 (available at https://wcca.wicourts.gov). The state court sentenced the petitioner to five years of initial confinement followed by nine years of extended supervision; it imposed and stayed a consecutive sentence of three years of probation. Dkt. No. 1-2 at 49. The court required the petitioner to pay over $320,000 in restitution to the Department of Health and Family Services. Id.; see also State v. Stewart, Milwaukee County Case No. 07CF393 (available at https://wcca.wicourts.gov).

On December 12, 2008, the petitioner filed a notice of appeal. State v. Stewart, Milwaukee County Case No. 07CF393 (available at https://wcca.wicourts.gov). The petitioner filed and the circuit court denied several postconviction motions. Id. On December 7, 2010, the Wisconsin Court of Appeals affirmed the convictions and the denial of the postconviction motions. Id. Although the petitioner continued to file and litigate postconviction

2

motions, she never filed a petition for review in the Wisconsin Supreme Court. Id.

The petitioner was released to extended supervision on October 2, 2012. Dkt. No. 1-2 at 57. On October 16, 2015, Administrative Law Judge Kathleen R. Kalashian ordered the revocation of the petitioner's extended supervision based on her violations of the terms of her extended supervision from the time she was released through March of 2015. Id. at 56-60. Judge Kalashian found that the petitioner (1) "falsified a W2 document that she provided to the Department of Corrections," (2) "falsified paystub documentation . . . to her supervising agent," (3) "financed a vehicle . . . without prior agent approval," (4) "used a name that was not approved (as it is not her legal name) for employment . . . and to obtain an apartment," (5) "took out a loan . . . providing false information about her employment," (6) "had open lines of credit without her agent's approval or subsequent notification," (7) "lied to the Department about her employment with Anew Strategies (a company she created and owned) and the income she derived therefrom," and (8) "was dishonest with her agent about her employment . . . and concerning deposits made to her bank accounts in large amounts." Id. at 57. Judge Kalashian ordered the petitioner re-confined for four years. Id. at 60.

On February 29, 2016, the petitioner filed two federal *habeas* petitions in the Eastern District of Wisconsin. See Stewart v. Schaab, Case No. 16-cv-243-LA (E.D. Wis. February 29, 2016); Stewart v. Schaab, Case No. 16-cv-244-LA (E.D. Wis. February 29, 2016). Judge Lynn Adelman addressed both cases in a

3

single order. Stewart v. Schaab, Case No. 16-cv-243-LA, dkt. no. 10; Stewart v. Schaab, Case No. 16-cv-244-LA, dkt. no. 8. Judge Adelman explained that while he found the petitions difficult to understand, the petition in Case No. 16-cv-243 appeared to challenge the parole revocation and the petition in Case No. 16-cv-244 appeared to challenge the underlying conviction. See Stewart v. Schaab, Case No. 16-cv-243-LA, dkt. no. 10 at 1-2. Regarding Case No. 16-cv-244—the petition that appeared to challenge the petitioner's underlying conviction—Judge Adelman concluded that the petition was untimely. He reasoned that "[a]ccording to the . . . petition, her direct appeal concluded in July 2009, when the Wisconsin Court of Appeals disposed of her appeal," and "[t]hus, a petition filed in February 2016 [was] obviously untimely." Id. at 2. Judge Adelman found that the petitioner also "procedurally defaulted her claims by failing to raise them in a timely petition for review in the Wisconsin Supreme Court." Id. He explained that the petitioner had had thirty days to file a petition for review in the Wisconsin Supreme Court after the Wisconsin Court of Appeals affirmed her convictions, but according to her petition, she did not do so. Id. at 3.

Regarding Case No. 16-cv-243—the petition challenging the revocation of the petitioner's extended supervision—Judge Adelman concluded that the petitioner had failed to exhaust her state court remedies. Id. Judge Adelman reasoned that the petitioner "ha[d] not pursued any of the procedures available in the Wisconsin system for challenging her probation revocation decision." Id. He noted that it was "possible that some of those procedures, such as a state

certiorari proceeding or state habeas petition, remain available to her." Id. Judge Adelman denied relief in both cases. Id. at 4.

This third federal petition followed; instead of setting forth grounds for relief in the appropriate section of the court's form, the petitioner wrote "see attached complaint." Stewart v. Cooper, Case No. 18-cv-1968, Dkt. No. 1 at 6-10. The attached thirty-five-page "memorandum of law" alleges that the petitioner's parole officer violated her civil rights by obtaining copies of her bank statements, asserts that certain evidence used at her revocation proceeding should have been suppressed, claims that her counsel for the revocation provided ineffective assistance and alleges that the parole officer created false evidence. Dkt. No. 1-1. The memorandum is dated December 19, 2018, and shows the petitioner's address as the Robert E. Ellsworth Correctional Center. Id. at 1-1. It appears, however, that the petitioner originally drafted the document in June 2018, because that is the date typed into the signature block. The petitioner also attached sixty-one pages of state-court documents and pleadings. Dkt. No. 1-2.

Normally, the court would start by "screening" a §2254 petition under Rule 4 of the Rules Governing Section 2254 Cases, which states that

> [i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A district court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief. At the screening stage, a district

5

court expresses no view as to the merits of any of the petitioner's claims. Rather, it reviews the petition and exhibits to determine whether the petitioner alleges that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") carves out certain petitions that the court need not screen. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C. §2244(a). To enforce this provision, AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions

6

include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

In Case No. 16-cv-243, the petitioner argued that her revocation counsel was ineffective, that her parole officer had unlawfully obtained her bank records, that evidence resulting from an unlawful arrest was introduced at her revocation hearing, that her parole agent obtained a statement from her without her attorney present and that her parole agent coerced her to incriminate herself. Stewart v. Schaab, Case No. 16-cv-243 at Dkt. No. 2. Judge Adelman considered these arguments and dismissed them for failure to exhaust administrative remedies. So the petitioner's current *habeas* petition is a second and successive petition. The petitioner has not provided the court with evidence that the Seventh Circuit Court of Appeals authorized her to file a second and successive petition. This court has no jurisdiction to consider it. The court will dismiss the petition and the case.

## II. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

The petitioner asked the court for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because the court is dismissing the case, it will deny the motion as moot. The court notes, however, that it would deny the motion even if it were not dismissing the case. Despite three requests from the clerk, the petitioner did not file a copy of her certified trust account statement for the six months preceding the filing of the petition. Dkt. Nos. 3-5. That means that the court has no way to determine whether the petitioner qualifies to proceed without prepaying the filing fee.

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations omitted). The court declines to issue a certificate of appealability, because it finds that reasonable jurists could not debate that the petition is a second or successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

8

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* as a second or successive petition. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**